CF Exh #2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**25 CR 578**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

NATHAN AUSTAD,
  a/k/a "Snoopy,"

                       Defendant.

                :      CONSENT PRELIMINARY ORDER
                   OF FORFEITURE/
                :      MONEY JUDGMENT

                :      25 Cr. _____ ( ___ )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about December 12, 2025, NATHAN AUSTAD (the "Defendant"), was charged in a one-count Information, 25 Cr. _____ ( ___ ) (the "Information"), with conspiracy to commit computer intrusions, in violation of Title 18, United States Code, Section 371 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States of a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, on or about December 12, 2025, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, a sum of money equal to $463,684.48 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Defendant consents, pursuant to Title 18, United States Code, 982(a)(2)(B), to the entry of a money judgment in the amount of $463,684.48 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Kevin Mead, of counsel, and the Defendant and his counsel, Lisa Scolari, Esq., that:

1.    As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $463,684.48 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant NATHAN AUSTAD, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.    All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.    The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    /s/ Kevin Mead                                          12/9/2025
       Kevin Mead                                              DATE
       Assistant United States Attorney
       26 Federal Plaza
       New York, NY 10278
       (212) 637-2211

NATHAN AUSTAD

By:    _Nathan Austad_ (signature)                            12/12/25
       Nathan Austad                                           DATE

By:    (signature)                                             12/12/25
       Lisa Scolari Esq.                                       DATE
       Attorney for Defendant
       Law Office of Lisa Scolari
       20 Vesey Street Suite 400
       New York, NY 10007

SO ORDERED:

_____                                 12/12/25
HONORABLE RONNIE ABRAMS                                        DATE
UNITED STATES DISTRICT JUDGE